1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  ROBERT TAPIA,                    ) Case No.: 1:12-cv-01295-JLT
                                     )
12           Petitioner,              ) ORDER REQUIRING PETITIONER TO SUBMIT
                                     ) AN AMENDED PETITION
13      v.                            ) **THIRTY DAY DEADLINE**
                                     )
14  K. ALLISON,                      ) ORDER DIRECTING CLERK OF THE COURT TO
                                     ) SEND PETITIONER A FORM FOR FILING
15           Respondent.              ) HABEAS CORPUS PETITION PURSUANT TO 28
                                     ) U.S.C. § 2254
16  _____

17       Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of

18  habeas corpus pursuant to 28 U.S.C. § 2254.

19                           **PROCEDURAL HISTORY**

20       A.  <u>Failure to Sign Petition</u>.

21       Initially, the Court notes that the petition is not signed under penalty of perjury; indeed, the

22  petition is not signed by Petitioner at all.  Local Rule 131 requires a document submitted to the Court

23  for filing to include an original signature.  In addition, Rule 2 of the Rules Governing Section 2254

24  Cases requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the

25  petitioner."  The Court will afford Petitioner an opportunity to file a first amended petition **<u>is signed</u>**

26  by Petitioner under penalty of perjury.

27  ///

28

                                       1

B. <u>Insufficient Information And Failure To State A Cognizable Habeas Claim</u>.

Petitioner filed the instant federal petition on August 9, 2012. (Doc. 1). A preliminary review of the petition, however, indicates that Petitioner has not provided sufficient information regarding his claims for this case to proceed.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

> …shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified.

Rule 2(c), Rules Governing Section 2254 Cases. Additionally, the Advisory Committee Notes to Rule 4 explains that "…'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Notes to Rule 4; see <u>Blackledge v. Allison</u>, 431 U.S. 63, 75, n. 7, 97 S.Ct. 1621 (1977).

Here, Petitioner raises several challenges to the decision of the Board of Parole Hearings held on November 12, 2009; however, Petitioner has failed to include a transcript of that hearing for the Court's review. Indeed, while Petitioner cites repeatedly to the transcript, and notes that the "facts of commitment offense are set forth in transcript [sic]," no transcript is attached to the petition for the Court to consult. Without a transcript, the Court has no basis on which to assess whether Petitioner's claims have merit. The Court is a federal court, not a state court, and has no independent access to transcripts of agencies within the State of California. If Petitioner's wishes to have his claims reviewed, he **must** submit a transcript of the challenged hearing along with an amended petition.

In this regard, the Court advises Petitioner that on January 24, 2011, the Supreme Court issued a *per curiam* opinion in <u>Swarthout v. Cooke</u>, 562 U.S.___, ___ S.Ct. ___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011), which significantly altered this Court's scope of review of any claims raised by a state prisoner regarding denial of parole by the Board of Parole Hearings. In that decision, the United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. <u>Swarthout,</u> 2011 WL 197627, *2.

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct. 2100 (1979).[1] Swarthout v. Cooke, 2011 WL 197627, *2. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. In doing so, the High Court stated as follows:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures requires are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 2011 WL 197627, *2.

The Court concluded that the petitioners had received the due process to which they were due:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied...
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 2011 WL 197627, *3. The Court went on to expressly point out that California's "some evidence" rule is not a substantive federal requirement, and correct application of the State's "some evidence" standard is not required by the federal Due Process Clause. Id. at *3. The Supreme Court emphasized that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Id.

Swarthout thus forecloses *any claim* premised upon California's "some evidence" rule because this Court cannot entertain substantive due process claims related to a state's application of its own

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 15-16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id.

3

laws.  *Here, the claims in the original petition appear to sound exclusively in substantive due process and would therefore be foreclosed by <u>Swarthout</u>*.  Review of the record for "some evidence," or for a "nexus" between present dangerousness and certain indicia, or reliance upon the circumstances of the commitment offense to support denial of parole, are tasks that simply are not within the scope of this Court's habeas review under 28 U.S.C. § 2254.  *Accordingly, any petition containing only those types of claims will have to be summarily dismissed*.  Petitioner should be aware of these circumstances should he choose to file an amended petition.

    For all of the foregoing reasons, the instant petition in fatally deficient.  Petitioner will be required to file an amended petition containing sufficient information for the Court to proceed with the case.

## **ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT a FIRST AMENDED PETITION that clearly lists each ground for relief that Petitioner intends to raise in this Court along with a brief statement of supporting facts with sufficient detail for the Court to determine the nature of the claims and whether the instant petition is timely under the AEDPA.  The amended petition should be clearly and boldly titled "FIRST AMENDED PETITION," it must contain the appropriate case number, and it must be an original signed under penalty of perjury.  The FIRST AMENDED PETITION must raise only claims that have been fully exhausted in state court by presenting those claims to the California Supreme Court, and they must allege violations of federal constitutional law.  Petitioner should also note that every pleading to which an amendment or supplement is permitted must be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.  Local Rule 220.  The FIRST AMENDED PETITION should include a transcript of any Board of Parole Hearings proceeding that Petitioner is challenging.  The Court cannot consider challenges to hearings for which no transcript is provided.

2. The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for

1  petitioners filing pursuant to 28 U.S.C. § 2254.

2  Petitioner is forewarned that his failure to comply with this Order may result in an Order of

3  Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

4

5  IT IS SO ORDERED.

6  Dated:   **August 21, 2012**              **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE
7